UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) NO. 04-10214 GAO |
| | ) |
| MOHAMAD M. HAMADE | ) |

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS
(Multiplicity)

FACTS

On July 21, 2004 a Federal Grand Jury returned a three count indictment against the defendant; Count I charged the defendant with a violation of Title 18, U.S.C. sec. 1001 making a false statement alleged to have occurred on January 4, 2000; Count II and III charged violations of Title 18 U.S.C. sec. 1546(a) document fraud occurring September 4, 2003 and December 1, 2002 respectively.

The false statement which forms the basis of all three counts relates to the defendant's failure to disclose his purported marriage in Greece in 1991 on two separate INS documents.

In Count I the defendant is alleged to have falsely claimed he was not married during an interview with a District Adjudication Officer of the INS the defendant is alleged to have told the interviewer his daughter's mother was a Greek citizen to whom he had never been married.

Counts II and III reference a single document, an INS Form –400 Application for Naturalization. This document was signed by the defendant and dated December 1, 2002. The language of the form above the defendant's signature is a certification under penalty of perjury that the factual content of the application is true and correct.

Counts II and III of the indictment both allege the defendant's failure to disclose the 1991 Greek marriage as the falsehood which is the subject matter of the indictment.

On September 4, 2003 the defendant appeared for an interview in connection with the naturalization application and in a separate paragraph on the same form, again certified under

1

penalty of perjury, the contents were **true and correct to the** best of defendant's knowledge and belief, before the officer assigned to conduct the interview.

## ARGUMENT

Multiplicity in an indictment occurs when one crime or act has been divided into more than one count Gerbearding v. U.S., 471 F. 2d 55, 58 (8th Cir. 1973). An indictment that charges a single offense in several counts violates the rule against multiplicity. U.S. v. UCO Oil Co., 546b F. 2d 833,835 (9th Cir. 1976), but see U.S. v. Kennedy, 726 F. 2d 546 (9th Cir.1989) (holding indictment charging defendant with three counts of making false statements to federally insured bank was not multiplicitious even though all documents submitted to bank repeated the same false statement and were submitted for the same purpose). Contrast U.S. v. Lilly, 983 F. 2d 300 (1st Cir. 1992), United States v. Heath, 976 F. 2d 1997 (5th Cir. 1992).

The rationale behind the rule is that an indictment that divides an act into several criminal charges allows multiple punishment for what is in essence only a single act contrary to legislative intent. U.S. v. Jewell, 827 F. 2d 586, 588 (9th Cir. 1987); U.S. v. Carter, 576 F. 2d 1061, 1064 (3rd Cir. 1978), Sanabria v. U.S., 78 S. Ct. 2170 (1976) form the basis for that offense are used to support more than one change). Multiplicitious indictments also create a psychological effect on the jury at trial by suggesting that the alleged criminal activity is of greater scope and gravity than it actually is. Id; Wright, Federal Practice and Procedure Criminal 2d sec. 142, at 475 (2d ed. 1982 & Supp. 1994). Similarly, an indictment is multiplicitious if the offense and the same underlying facts forming the basis for that offense are used to support more than one charge. See also U.S. v. Heath, supra 970 F. 2d 1397, 1401-02 (5th Cir. 1992), cert denied 507 U. S. 1004 (1993). The Heath court held that whether other counts are multiplicitious depends on the facts of each case. Relevant facts include chronological and substantive independence of acts and schemes and the function and purpose of each act. Id.

In U.S. v. Olsowy, 836 F. 2d 439 (9th Cir), cert denied, 485 U.S. 911 (1988), the indictment charged three separate counts of making false statements to a federal agent. These

counts alleged that the defendant had, on three separate occasions, made precisely the same denials in response to the same questions posed to him by a Secret Service agent. The defendant was convicted of all three counts. On appeal, he argued that the government should not be able to "pile on" multiple convictions by repeatedly asking the same question of a criminal suspect. Id. At 442. The court of appeals agreed, and held that where identical false statements, in either oral or written form, are made in response to identical questions, the declarant may be convicted only once. Id. At 443.

The proper remedy for a multiplicitious indictment is an election or consolidation of the offending counts, and dismissal of the surplus counts. U.S. v. Universal Corp., 344 U.S. 218, 224 (1952). The entire indictment need not be dismissed. U.S. v. Smith, 591 F. 2d 1105, 1108 (5th Cir. 1979); U.S. v. Sue, 586 F. 2d 70, 71 (8th Cir. 1978).

In a situation where the government has charged criminal activity under both a specific statute governing the conduct alleged and a general offense covering the same conduct, the Supreme Court has indicated that the specific statute must take precedence over the general one. See Busic v. U.S., 446 U. S. 398 (1980); Simpson v. U.S., 435 U. S. 6 (1978). See also Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973), abrogated on other grounds, Heck v. Humphrey, 512 U.S. 477 (1994). But see U.S. v. Steward, 16 F. 3d 317, 319 (9th Cir. 1994) (defendant was charged with violations of both 21 U.S.C. §§ 841(a)(1) an d846; although one statute was more specific and both encompassed attempt, the court held the indictment was not duplicitous). The preferable course is to discourage multiplicitious indictments by filing pretrial motions for consolidation. See Fed. R. Crim. P. 7 (c)advisory committee notes.

THE DEFENDANT

BY: _____
Vincent A. Bongiorni, Esq.
95 State Street, Suite 309
Springfield, MA. 01103
(413) 732-0222
BBO #049040