UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>V.                           )<br>)<br>)<br>)<br>MOHAMAD HAMADE           )<br>)<br>) | Criminal No. 04-10214-GAO |

**GOVERNMENT'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

The United States of America, by and through its attorney, the United States Attorney for the District of Massachusetts, hereby submits its Opposition to Defendant's Motion to Dismiss ("Motion") filed by Defendant Mohamad Hamade ("Hamade") on October 20, 2004. As explained below, this Court should deny Hamade's Motion because it lacks merit.

**I.   BACKGROUND**

The defendant was indicted by a federal grand jury on July 21, 2003 for one count of false statements, in violation of Title 18, United States Code, Section 1001, and two counts of immigration document fraud, in violation of Title 18, United States Code, Section 1546(a). In his motion, the defendant asks this Court to dismiss all three counts or, in the alternative, to order the government to elect which count to prosecute as the present indictment violates the rule against multiplicity. As set forth below, this claim must fail.

In Count One of the indictment, the government alleges that the defendant made a false statement to an immigration officer in an interview regarding the defendant's INS Form I-485 application to adjust his status to a conditional resident alien. In Count Two, the government alleges that the defendant made a false statement with respect to a material fact in his application

to become a United States citizen.  Finally, in Count Three, the government alleges that the defendant made a false statement about a material fact to an immigration officer in an interview regarding the defendant's naturalization application.  Although all three lies regard the same subject matter, they were each made in either a different interview or different application and at a different stage of the immigration process.

**II.   LAW**

      A.   <u>The Intent of the Statutes are to Punish Each False Assertion, not an Overall Scheme</u>

Hamade argues that since the indictment alleges only one fraudulent scheme, his failure to disclose his purported marriage in Greece in 1991, it is therefore multiplicitous because it charges three counts instead of one.  Defendant's position is simply not supported by the statutes or the case law.  The immigration document fraud statute, 18 U.S.C. § 1546(a), paragraph four, punishes each individual act, not just one overall multi-year scheme of immigration fraud leading to full United States citizenship.  In <u>Blockburger v. United States</u>, the Supreme Court established this distinction when it addressed a similar statute prohibiting the sale of tampered pharmaceutical packages. 284 U.S. 299, 301 (1932).  The test, clearly spelled out by the Court, is "whether the individual acts are prohibited, or the course of action which they constitute [is prohibited]."  <u>Id.</u> at 302.  In <u>Blockburger</u>, the Court found that the intent of the legislators evinced in the statute was to protect each individual drug package and therefore "each act is punishable separately."  <u>Id.</u>

The plain language of 18 U.S.C. § 1546(a) makes it a crime, <u>inter alia</u>, to "knowingly make[] under oath . . . <u>any</u> false statement with respect to a material fact in <u>any</u> application, affidavit, or other document required by the immigration laws or regulations." (emphasis added).

The legislature intended to protect the integrity of the immigration process by separately punishing the act of making a false statement, not to punish an overall scheme of immigration fraud.

In contrast, the bank fraud statute, 18 U.S.C. § 1344, makes it a crime to "execute . . . a scheme . . . to obtain any of the moneys, funds, credits . . . of a financial institution, by means of false or fraudulent pretenses, representations, or promises." Under the bank fraud statute, the false statements, while important, are merely means in an overall scheme. Therefore, the proper charge under the bank fraud statute is for each scheme, not each individual false statement. See United States v. Lilly, 983 F.2d 300, 303 (1st Cir. 1992) (finding multiple charges under the bank fraud statute multiplicitous). In this case, conversely, the immigration document fraud statute does not contemplate or require a larger scheme; there is no language to that effect in the statute. Therefore, each individual false assertion, whether written or oral, is a proper unit of punishment.

The immigration document fraud statute also parallels the more general false statement statute, 18 U.S.C § 1001, which has consistently been applied to each individual act. See, e.g., United States v. Mavroules, 819 F. Supp. 1109 (D. Mass. 1993). Likewise, the First Circuit has held that the wire fraud statute, 18 U.S.C. § 1343, intends to punish each and every use of the wires to commit fraud, "even if the several uses are in pursuance of but one criminal enterprise." United States v. Luongo, 11 F.3d 7, 9 (1st Cir. 1993). The mail fraud statute, 18 U.S.C. § 1341, also intends to punish each and every use of the United States mail in the course of a fraudulent scheme. See Lilly, supra, at 303 n.7. The false statements, mail, and wire fraud statutes, therefore, evince a similar intention as the immigration document fraud statute, specifically, the

punishment of each individual act.

The defendant cites United States v. Heath, 970 F.2d 1397 (5th Cir. 1992), cert. denied, 507 U.S. 1004 (1993), to establish the test for multiplicity. However, the reasoning in Heath is inapplicable to the present case. The Heath court addressed the issue of multiplicity in the context of the bank fraud statute, and found the repeated counts multiplicitous. As previously discussed, however, the bank fraud statute does not parallel the immigration document fraud statute. Cf. id. at 1402 ("Thus, unlike the mail or wire fraud statutes, the bank fraud statute does not allow punishment for each *act* in execution of a scheme or artifice to defraud.") The bank fraud statute contemplates an overall scheme where the false assertions are merely means to an end, not an end in and of themselves. The immigration document fraud statute treats each false assertion as a wrong. Consequently, the presence of any overall scheme is not relevant to the instant analysis and does not collapse the individual wrong acts into one.

B.     Each Successive Oral or Written Assertion Further Impaired The Government

Although the assertions in Counts One, Two, and Three generally relate to the same underlying issue (i.e., that Hamade was not previously married) and the later two referenced the same document, this similarity does not collapse the lies into one false assertion. The general presumption of punishment for individual statements under 18 U.S.C. § 1546(a), or any other similar statute like 18 U.S.C. § 1001, can be rebutted only when (1) the assertions are closely related and (2) the later assertions do not "further impair"[1] the operations of the government. See, e.g., United States v. Mavroules, 819 F. Supp. 1109, 1111 (D. Mass. 1993). In Mavroules,

---

[1] This test is also known as the "unitary harm rule" – i.e., the repetition of false statement that does not constitute an additional impairment of governmental functions may not be charged separately in an indictment. See United States v. Graham, 60 F.3d 463, 467 (8th Cir. 1995).

4

the defendant filed two substantially similar false financial disclosure forms, separated only by one month. Even though the second document repeated "the same falsehood set forth in the first disclosure report," the court found that the second report "further impaired" the operations of the government because the government board could not properly perform its oversight role. Id.

The defendant primarily relies on United States v. Olsowy, 836 F.2d 439 (9th Cir.), cert. denied, 485 U.S. 911 (1988), to collapse Hamade's three assertions into one. The facts of Olsowy, however, are substantially different from the present case. In Olsowy, the same Secret Service agent repeatedly asked the defendant identical questions with respect to the same Treasury check. Id. at 442. The court concluded that the government should not be allowed to "pile on" charges simply by asking the same question multiple times. Id. at 443. Olsowy's multiple statements did not further impair the operations of the government because "once [Olsowy] misled the agent, repeating the lie adds little or nothing to the harm caused to the Secret Service's inquiry." Id.

Hamade's three statements – one written and two oral -- were made at substantially different points in the immigration process and to different officials. Each stage in the immigration process involves different standards and investigations and Hamade's further assertions, even though repetitious of the same underlying fact, further impaired the operation of the government because the assertions interfered with a more searching investigation appropriate for later stages in the immigration process.

A more factually similar case is United States v. Salas-Camacho, where identical false denials were made, on the same day, at both primary and secondary inspections on the Mexican border. 859 F.2d 788 (9th Cir. 1988). The court concluded that the statements were separately

5

chargeable under the false statement statute because they were made to a "separate official" with "different duties." Id. at 791.  The second statement further impaired the operations of the government, specifically, the "orderly, efficient, and accurate processing of the customs duties of the United States." Id.

Salas-Camacho substantially cabins the defendant's reading of Olsowy.  Even in Olsowy, the court noted that it had upheld "multiple convictions [under 18 U.S.C. § 1001] for submitting subsequent documents summarizing earlier documents." Olsowy, supra, at 443.  In Hamade's case, the government's and Hamade's reuse of an immigration document for administrative efficiency should not shield Hamade from a separate charge of immigration document fraud when the document was used as part of a different and more searching step of the process.  All of Hamade's denials interfered with the orderly, efficient, and accurate processing of the immigration and naturalization duties of the government agency.  Therefore, they are properly charged as three separate counts.

### III.   CONCLUSION

For all the above stated reasons, defendant's motion should be denied.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ Kimberly P. West
      KIMBERLY P. WEST
      Assistant U.S. Attorney

Dated: November 19, 2004

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney for defendant Mohamad Hamade, Vincent Bongiorni, Esq., 95 State Street, Springfield, MA on November 19, 2004 via facsimile and first class mail.

/s/ Kimberly P. West
Kimberly P. West
Assistant U.S. Attorney