Affidavit of Kimberly P. West

I, Kimberly P. West, having been duly sworn, hereby depose and state as follows:

1. I am the prosecutor assigned to the matter of United States v. Mohamad Hamade, Criminal No. 04-10214-GAO.

2. This case involves alleged false attestations made by the defendant on immigration documents. The government alleges that the defendant falsely represented that he had never been married before in order to deter the Immigration and Naturalization Service (now Immigration and Customs Enforcement) from inquiring further into the American marriage that was the basis for the defendant's requested stay in the United States.

3. In October 2004, I sent a request pursuant to the Treaty on Mutual Assistance in Criminal Matters between the United States and Greece to the Office for International Affairs ("OIA"), to be forwarded to Greek law enforcement authorities. A response dated May 26, 2005 was received by OIA. The response was in Greek.

4. From January 31, 2005 though July 29, 2005, I was on maternity leave. In my absence, another prosecutor attempted to facilitate the translation of the Greek response.

5. On November 7, 2005, I received the English translation of documents sent by Greek law enforcement. The translation was forwarded to Attorney Bongiorni on that same day.

6. The documents received from Greece included a translation of a marriage certificate and an interview of the Registrar for the Community of Asproklisia, Haralampos Karametas. The interview was requested in order to authenticate the marriage certificate. Karametas indicated that he was the Registrar in the community where the parties were married and produced a certified copy of the marriage certificate. Karametas also indicated that he, in fact, knew the parties to the marriage.

7. Furthermore, Karametas indicated that no records were found in the Registry indicating that a divorce had subsequently occurred between the parties. Karametas explained that where parties are divorced in a different community from where they were married, then the Registry may not be aware of the divorce unless the parties bring the paperwork to be filed.

8. As a result of the translation, I immediately requested that OIA arrange for another interview of Karametas to see the full extent of his relationship with the parties. I also requested an interview of a person capable of explaining family law in Greece to follow up on Karametas' statements regarding divorce.

9. In addition to the interviews, I asked that both witnesses either come to the United States to testify at the trial or agree to a Rule 15 deposition.

10. A supplemental request to Greece was finalized on November 10, 2005. OIA indicated that it would be translated and would be delivered to Greece on an expedited basis.

11. Attorney Terry Schubert, the OIA attorney responsible for handling matters with Greece, indicated to me that even though the request would be expedited, arranging to bring witnesses to the United States may be a lengthy process. She further indicated that a Rule 15 deposition may be quicker, but with the coming holidays work in Greece would be exceedingly slow.

12. I am scheduled to be on vacation from February 27 - March 3, 2006. Attorney Bongiorni is scheduled to be on vacation from March 9 - 17, 2006.

/s/ Kimberly P. West
Kimberly P. West