UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | NO.  04-10214 GAO |
| | ) | |
| MOHAMAD M.  HAMADE | ) | |

### DEFENDANT'S MOTION IN OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE

The Government has moved <u>in Limne</u> to preclude the Defendant from inquiring about the basis for law enforcement's initiation of an investigation against the Defendant. The Government seeks this limitation either during cross examination of the Government's witnesses or by argument to the jury.

The Government asserts three separate basis to support this request. First, to avoid misleading or confusing the jury. Second, the reasons why the defendant became the subject of an investigation by The F.B.I.'s Joint Terrorism Task Force are irrelevant to the crime charged. Third, questions concerning the commencement of the investigation may implicate classified information.

It is clear that when a court denies cross-examination of a witness upon a proper subject for cross-examination it is ground for reversal if the denial appears to have been harmful. *See* <u>Alford v. United States</u>, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931) <u>Crawford v. Washington</u>, 541 U.S. 36, 124 S.Ct. 1354 (2004).

The right to cross-examine adverse witnesses in criminal cases is constitutionally protected, and courts historically have given criminal defendants considerable latitude in pursuing that right. Nevertheless, cross-examination is not a freestyle exercise, but, rather, must be conducted within reasonable limits. <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); <u>United States v. Chaudhry</u>, 850 F.2d 851, 856 (1st Cir.1988). In particular, restrictions on cross-examination regarding bias are erroneous only if they are "manifestly unreasonable or overbroad." <u>United States v. Gomes</u>, 177 F.3d 76, 81-82 (1st Cir. 1999). To meet the constitutional standard, the district court "must ensure that the jury is provided with 'sufficient information concerning formative events to make a "discriminating

appraisal" of a witness's motives and bias.' " United States v. Lynn, 856 F.2d 430, 433 (1st Cir. 1988)

Evidence is relevant if it has "any tendency to make the existence of any fact that [was] of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

In this case the Government has disclosed information suggesting the Governments initiation of this investigation of the Defendant began in the summer of 2003 when an Agent of the JTTF received information about the Defendant from the National Security and Threat Protection Unit.

The JTTF monitored the Defendant and others associated with him in an effort to direct removal proceedings against him. The Government intends to call no witnesses from the cadre of case Agents who investigated and prepared this case in order to prosecute the Defendant. At the direction of the case Agent, the defendant was interviewed by an Agent in New York, where he allegedly made an oral statement about a prior marriage. As presented by the Government this occasion will appear to be mere happenstance. The Defendant is entitled to show the jury how and under what circumstances this meeting took place, but more importantly the manner in which the witness/Agent was receiving instructions from the Case Agent. The Defendant is also entitled to present evidence of bias in the execution of the investigation directed against him.

The Defendant believes the nature of the Government's case, including the competence and thoroughness of the investigation, are all relevant and the proper subject of cross-examination.

For all of the reasons set forth above the Defendant believes the Governments Motion should be denied.

                                                        THE DEFENDANT


                                                        BY: /s/ Vincent A. Bongiorni, Esq.
                                                        95 State Street, Suite 309
                                                        Springfield, MA. 01103
                                                        (413) 732-0222
                                                        BBO #049040

CERTIFICATE OF SERVICE

    I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing via CM/ECF to Assistant United States Attorney Kim West, Esq., John J. Moakley United States Courthouse, One Courthouse Way, Suite 9200, Boston, MA. 02210 this 14th day of April 2006.

                                        /s/ Vincent A. Bongiorni