UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) |
| v. | )  Cr. No. 04-10214-GAO |
| | ) |
| **MOHAMED HAMADE** | ) |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE QUESTIONING BY DEFENSE
REGARDING THE INITIATION OF THE INVESTIGATION OF THE DEFENDANT**

  The United States of America, by Michael J. Sullivan, United States Attorney, and Kimberly P. West and Aloke S. Chakravarty, Assistant United States Attorneys for the District of Massachusetts, hereby moves this Court, *in limine*, for an order precluding the Defendant, through his counsel, from asking questions of the government's witnesses regarding the basis for law enforcement to initiate an investigation of the defendant's conduct or arguing to the jury that such basis was improper. During the trial in this matter, defense counsel may ask a government witness why an investigation was opened on his client (or words to that effect).

  In an effort to avoid misleading or confusing the jury and/or unfairly prejudicing the defendant at trial, the governments seeks an order from this Court prohibiting any questions or argument on the subject matter of the initiation of the investigation of the defendant. Questions regarding why the defendant became a subject of an investigation of the FBI's JTTF are irrelevant to the crimes charged (*i.e.*, false statements and immigration-fraud) in the indictment or any legally cognizable defense and therefore, is inadmissible. Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.") Evidence is relevant if it tends to show the defendant's guilt or innocence. See Huddleston v. United States, 485 U.S. 681, 687 (1988) ("evidence is relevant if it makes the existence of any fact at issue more or less probable.") Any evidence

about the reasons underlying why the defendant came to the attention of the FBI JTTF does neither.

Further, questions concerning the basis for commencing an investigation of the defendant may implicate classified information. For instance, questions regarding the initiation of the defendant's investigation may elicit sensitive or classified information concerning potential targets or subjects of intelligence investigations. An objection, or a refusal to answer a question, on the grounds that the answer is sensitive or classified may lead the jury to speculate about reasons, other than those described in the indictment, as to why the defendant is being prosecuted. Moreover, any response to such a line of inquiry could also unfairly characterize the defendant to the jury in a manner irrelevant to the current indictment. Accordingly, defense questioning or argument on this subject matter would only serve to mislead and confuse the jury. The government therefore asks this court to use its discretion under Fed. R. Evid. 403 and exclude any reference or questioning on the subject matter of the FBI JTTF's initiation of its investigation of the defendant.

For the foregoing reasons, the government respectfully requests this Court to enter an Order prohibiting defense counsel from questioning any government witness regarding the basis for law enforcement to initiate an investigate of the defendant's conduct or arguing that the basis of this investigation was improper.

                                                    Respectfully submitted,

                                                    MICHAEL J. SULLIVAN
                                                    United States Attorney

                                       By:    /s Aloke S. Chakravarty
                                                    ALOKE S. CHAKRAVARTY
                                                      KIMBERLY P. WEST
                                                      Assistant U.S. Attorneys

Dated: April 26, 2007

CERTIFICATE OF SERVICE

     I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

       /s/ Kimberly P. West
       Kimberly P. West
       Assistant U.S. Attorney