**United States District Court**
**District of Massachusetts**

| | | |
|---|---|---|
| **United States** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 04-CR-10214-GAO** |
| **Mohamed Hamade,** | ) | |
| **Defendant.** | ) | |
| | ) | |

# Defendant Hamade's Motion in Limine to Exclude Irrelevant Bad Act Evidence

Defendant Mohamed Hamade moves that this Court exclude any evidence that he inaccurately told immigration officials that he had a PhD in physics.

In support of this motion, the defendant states as follows:

1. At Hamade's first trial, Heather Melnyk, a government witness and former immigration examiner, testified, without objection, that Hamade claimed he had a PhD in physics during his naturalization interview. Tr. 3:146. Hamade does not have a PhD in physics.

2. Melnyk's testimony about Hamade's alleged misstatements regarding his educational background should be excluded from evidence for three reasons.

3. First, the testimony should be excluded because it is not relevant to any issue of consequence in this case. Under Rule 402 of the Federal Rules

of Evidence, "[e]vidence which is not relevant is not admissible." Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed. R. Evid. 401. Hamade is not charged with making false statements about his educational background. Rather, he is only charged with having made false statements about his alleged prior marriage to Aggeliki Piniara. Melnyk's testimony about Hamade's alleged misstatements about his educational attainment will in no way assist the jury in determining whether Hamade made false statements about his marital history. This testimony is therefore irrelevant and should be excluded.

4. Second, this testimony about Hamade's alleged misstatements about his educational background is inadmissible under Federal Rule of Evidence 404(b) because it is evidence of a prior bad act. Under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of the person in order to show action in conformity therewith." To be admissible under Rule 404(b), bad act "evidence must be 'specially relevant' and cannot 'include bad character or propensity as a necessary link in the inferential chain.'" *United States v. Robinson*, 473 F.3d 387, 394 (1st Cir. 2007) (quoting *United States v. Flemmi,* 402 F.3d 79, 91 (1st Cir.2005)). Evidence of Hamade's misstatements about his education can serve no purpose

other than to encourage the jury to conclude that Hamade is a dishonest person. This is precisely what is forbidden by Rule 404(b)—especially in a case involving allegations of false statements to a federal agent and immigration fraud.

5. Third, the testimony should be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. At most, this testimony would be general background evidence about what Hamade told Melnyk about his educational background at the naturalization interview. The probative value of such evidence is minimal at best, but the unfair prejudice it could cause to the defense is great. The testimony could confuse the jury by presenting it with evidence of two separate false statements allegedly made during the naturalization interview—even though only one of the misstatements is charged as a count in the indictment.

For all of the above reasons, the defendant requests that this Court exclude any evidence that he inaccurately told immigration officials that he had a PhD in physics.

Mohamed Hamade
By his attorneys,

/s/ John Salsberg
John Salsberg
B.B.O. No. 439300

/s/ Ryan M. Schiff
Ryan M. Schiff
B.B.O. No. 658852

SALSBERG & SCHNEIDER
95 Commercial Wharf
Boston, MA 02110
(617) 227-7788

Dated: April 26, 2007

**Certificate of Service**

I hereby certify that I have served this motion on the government and all counsel of record by e-filing.

/s/ Ryan M. Schiff
Ryan M. Schiff