UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v.    ) | Cr. No. 04-10214-GAO |
| ) | |
| MOHAMED HAMADE ) | |

GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION
*IN LIMINE* TO EXCLUDE BAD ACT EVIDENCE

The United States of America, by Michael J. Sullivan, United States Attorney, and Kimberly P. West and Aloke S. Chakravarty, Assistant United States Attorneys for the District of Massachusetts, hereby submit its Memorandum in Opposition to Defendant's Motion *In Limine* to Exclude Bad Act Evidence ("Motion") filed by Defendant Mohamed Hamade ("Defendant") on April 26, 2007.

I.     FACTS

Immigration examiner Heather Melnyck testified in the first trial that in her interview of the Defendant she asked about his education:

> Q: What did you ask him?
> A: I asked him how far he had gone in school.
> Q: What was his response?
> A: He said he had a Ph.D.
> Q: Do you know in what field?
> A: Physics.
> Q: Do you know what country it came from?
> A: Greece.
> Q: What else did he say about his education?
> A: He said that he told people that he only had a Masters because he didn't want to appear stupid as just being a truck driver.

(Tr. III, p. 146).

The evidence was admitted without objection and the defendant now moves *in limine* to preclude it as impermissible pursuant to Fed.R.Evid. 404(b).

Although the defense in this matter touched upon several issues, the primary two were the following: (1) that the government unfairly targeted the Defendant as a terrorist, see Tr. V, p. 107-113; and (2) that the defendant had signed what he thought to be paternity papers, not marriage documents, and that if he was married in Greece then he was unaware of it and consequently, did not lie on his immigration paperwork, see Tr. V, p. 119 - 126.

Pursuant to Fed.R.Evid. 404 (b):

> evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation plan, knowledge, identity, or absence of mistake or accident . . .

Here, where one of the main defenses is that the Defendant accidently signed marriage paperwork, then the statement regarding the Defendant's purported Ph.D should be admitted to show the absence of a mistake or accident. See United States v. McNeil, (728 F.2d 5, 13 (1st Cir. 1984) (in prosecution for defrauding retirement system of accidental disability pension benefits, defendant's false address on disability application admissible as Fed.R.Evid. 404(b) where defendant attributed carelessness or mistake to the inconsistencies on his accident report that were subject of the indictment). Here, the Defendant was not likely to have made a mistake about his whether or not he had a Ph.D in physics. This false statement tends to show that the Defendant intended to lie to immigration and did not do so by mistake or accident.

Nor should it be excluded pursuant to Fed.R.Evid. 403 because the probative value of the statement is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. The statement is clear, unequivocal, and would take less

than one minute to admit into evidence. The danger of unfair prejudice does not substantially outweigh the probative value of the evidence as the type of lie is not one that would severely effect the jurors estimation of the defendant, rather, the statement is probative of the Defendant's intent to lie.

                                                Respectfully submitted,

                                                MICHAEL J. SULLIVAN
                                                United States Attorney

By:    /s/ Kimberly P. West
        ALOKE S. CHAKRAVARTY
        KIMBERLY P. WEST
        Assistant U.S. Attorneys

Dated: May 9, 2007

CERTIFICATE OF SERVICE

      I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

      /s/ Kimberly P. West
      Kimberly P. West
      Assistant U.S. Attorney