

U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

May 15, 2007

John Salsberg, Esq.
Salsberg & Schneider
95 Commercial Wharf
Boston, MA 02110-3816

    Re:    <u>Mohamed Hamade</u>
             Criminal No. 04-10214-GAO

Dear Attorney Salsberg:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Mohamed Hamade ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date but in no event later than May 15, 2007, Defendant shall plead guilty to all counts in which he is named in the above-captioned Indictment: 04-10214-GAO. Defendant expressly and unequivocally admits that he in fact knowingly committed the crimes charged in the Indictment, and is in fact guilty of those offenses.

    2.    <u>Penalties</u>

    Defendant faces the following maximum penalties: Count One, 5 years' imprisonment, three years' supervised release, $250,000 fine and $100 mandatory special assessment; and Counts Two and Three, 5 years' imprisonment, three years' supervised release, $250,000 fine and $100 mandatory special assessment. Defendant may also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty.

*Last Rev.: 12/18/2006*

3.  Stipulated Judicial Order of Deportation

Defendant agrees he is not a citizen or national of the United States, and that he is a native of Lebanon, and a citizen of Lebanon.

Defendant agrees that when he is convicted in the instant criminal proceeding, he will be convicted in this court for the offenses of False Statements in violation of 18 U.S.C. §1001, and Fraud and Misuse of Visas, Permits and Other Documents (2 counts), in violation of 18 U.S.C. §1546(a).

Defendant understands and knowingly waives his right to a hearing before an Immigration Judge or before any other authority under the Immigration and Nationality Act, on the question of his deportability or removability from the United States. In this regard defendant understands and knowingly waives his rights to examine the evidence against him, to present evidence on his own behalf, to cross-examine any witnesses presented by the government, in any administrative removal proceeding and to appeal from a determination of deportability or removability.

Defendant understands and knowingly waives his right to apply for any relief from deportability or removability from the United States that would otherwise be available to him. Defendant understands that if he is an alien lawfully admitted for permanent residence, acceptance of a final order of deportation or removal from the United States terminates that status.

Defendant understands that execution of an order of removal against him will have the legal consequence under the immigration laws of permanently barring him from re-entering the United States.

Defendant agrees and stipulates to accept a final judicial order of deportation or removal knowing that it will result in his amenability to immediate deportation or removal from the United States upon conviction and completion of any period of incarceration. Defendant agrees that the order of deportation or removal be issued for his deportation to Lebanon, or to any other country as prescribed by the immigration laws and regulations of the United States of America.

Defendant knowingly waives any and all rights to appeal, or to move to reopen or reconsider, or to seek to vacate, or to otherwise seek any judicial or administrative review of, the order of deportation or removal or the right of the United States Immigration and Customs Enforcement to enforce such order. Defendant waives any right to, and agrees he will not seek, any judicial or administrative stay of execution of the order of removal or deportation. Defendant waives any right to seek release from the custody of the United States Immigration and Customs Enforcement ("ICE") when ICE assumes such custody after conviction and his release from any period of incarceration and preparatory to arrangements for his deportation or removal from the United States. Defendant agrees he will in all ways cooperate with ICE officials in the surrendering of or applying for any travel documents, or in other formalities relating to his deportation or removal from the United States and preparations therefore.

4.  Sentencing Guidelines

The parties agree to jointly take the following positions at sentencing with regard to offense

conduct, adjustments under the United States Sentencing guidelines:

    (a)    The parties agree to take the position that the Base Offense Level for Count One is 6 pursuant to U.S.S.G. §2B1.1(a)(2);

    (b)    The parties agree to take the position that the Base Offense Level for Counts Two and Three is 8 pursuant to U.S.S.G. §2L2.2.;

    (c)    The parties agree that the three offenses group as closely related counts, as they involved the same victim, the United States, and they involve the same act or transaction. *See* U.S.S.G. §3D1.2(a);

    (d)    The parties agree to take the position that the applicable combined offense level is 8;

    (e)    The parties also agree that the obstruction of justice enhancement applies, pursuant to U.S.S.G. § 3C1.1, requiring an increase of 2 levels and therefore the total offense level is 10.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case.

The U.S. Attorney specifically may, at his sole option, be released from his commitments under this Agreement, including, but not limited to, his agreement that paragraph 5 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing, Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit his conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d)    Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime; and/or

    (i)    Transfers any asset protected under any provision of this Agreement.

Defendant expressly understands that he may not withdraw his plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

5. <u>Agreed Disposition</u>

The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

    (a)    A term of imprisonment deemed to be served;

    (b)    $300 mandatory special assessment;

    (c)    3 years' supervised release.

The U.S. Attorney and Defendant agree that there is no basis for a departure or deviation under the factors set forth in 18 U.S.C. § 3553(a) from the sentencing range established by the United States Sentencing Guidelines, except as explicitly described in paragraph 4, above.

6. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge such as pursuant to a motion under 28 U.S.C. § 2255.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

    (a)    Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

    (b)    The imposition by the District Court of the sentence agreed to by the parties, as set out in paragraph 5 and, even if the Court rejects one or more positions advocated by the parties with regard to the application of the U.S. Sentencing Guidelines.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

8.   Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph 1 of this Agreement.

9.   Withdrawal of Plea By Defendant

Should Defendant move to withdraw his guilty plea at any time, this Agreement shall be null and void at the option of the U.S. Attorney.

10.  Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

11.  Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12.  Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Kim West or Aloke Chakravarty.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *James B. Farmer*
JAMES B. FARMER, Chief
Anti-Terrorism & National Security Section

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Mohamed Hamade
Defendant

Date: 5-15-07

I certify that Mohamed Hamade has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

John Salsberg
Attorney for Defendant

Date: 5/15/07